MORRIS PICKER, PLAINTIFF-APPELLANT, v. THE CITY OF
BAYONNE, A MUNICIPAL CORPORATION, *ET AL.*, DE-
FENDANTS-RESPONDENTS.

Argued October 10, 1960—Decided November 7, 1960.

*Mr. David L. Maltz* argued the cause for plaintiff-appellant.

*Mr. Bart R. Boyle* argued the cause for defendant-respondent Frank Carpenter, trading as Frank Carpenter Company.

*Mr. William Rubin* argued the cause for defendants-respondents City of Bayonne and Jacob Drogin.

PER CURIAM. We agree with the conclusion of the Appellate Division that the judgment of the trial court should be affirmed, but believe the basis of decision should be somewhat different.

Plaintiff's judgment was for an antecedent debt of the contractor having no connection with the latter's contract with the city. More than three months before plaintiff's execution levy on moneys due or to become due from the city to the contractor, the city terminated the contract for repeated breaches and invoked the performance bond. All work ceased. The surety suggested it might not be liable on the bond. Considerable delay in completion seemed certain. Additional cost to the city and litigation appeared to be distinct possibilities. The city was anxious to open

the pool that summer. The contractor suggested he could finish the job but, in view of his financial difficulties, could not secure material and labor unless the suppliers thereof could be guaranteed payment. Negotiations followed between the city, acting through the mayor and Drogin who was a member of the law department, the contractor, prospective materialmen and the union representing those who would furnish labor. The upshot was an informal oral agreement of express trust between the city and the contractor whereby the former agreed to rescind the termination and the contractor agreed to complete the job. Drogin, as trustee, was to disburse subsequent installments paid under the resumed contract, and only to suppliers of material and labor so long as any such remained unpaid. The city accordingly reinstated the contract by formal resolution adopted two days before plaintiff's levy. Thereafter the trust was carried out. All moneys were paid to the joint order of Drogin and the contractor and there is no evidence they were not disbursed except to suppliers. There remains a balance of $270.93 in the trustee's hands. All have been paid except respondent Carpenter who is owed $4,977.14 for equipment supplied after the agreement and necessary to complete the contract. All moneys due under the contract have been turned over by the city except the sum of $3,208.45, which represents, pursuant to the contract, a retained 5% of the total cost as security for the contractor's guarantee of the work for a period of one year. The year has expired but this sum still remains in the city treasury by reason of this litigation.

There was sound public reason and sufficient consideration for the trust agreement. There can be no doubt it was entered into in good faith and that it was an undertaking of which plaintiff cannot complain. We consider it to be, under the facts here present, a permissible practical implementation of the Public Trust Fund Act. *N. J. S. 2A*:44–147[148]. Since the agreement was subsisting at the time of plaintiff's levy, the latter is subject to it.

Carpenter remaining unpaid, the present small balance in Drogin's hands clearly belongs to him. The dissenting opinion in the Appellate Division agrees.

If it had not been for the litigation, the city would have been required under the trust agreement to turn over the retained percentage to Drogin at the end of the year, Carpenter still not having received payment, and Drogin would have been required to see that it was disbursed only to Carpenter. Consequently it was proper for the court to order the city to pay it to him directly. On this thesis it is immaterial whether Carpenter had filed his lien claim within time and the result would be the same even if he had filed no lien at all.

We therefore do not reach the matter of an equitable trust derived from some allocation of the project moneys on the city's books, on which the majority of the Appellate Division based its decision, and express no opinion thereon.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.